UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————— x
KAREN J. DESROCHER, Individually and on :    Civil Action No. 14-cv-03878-AKH
Behalf of All Others Similarly Situated,    :
                              :    <u>CLASS ACTION</u>
                Plaintiff,    :
                              :    STIPULATION AND AGREEMENT OF
    vs.    :    SETTLEMENT
                              :
COVISINT CORPORATION, COMPUWARE : 
CORPORATION, DAVID A. MCGUFFIE,    :
ENRICO DIGIROLAMO, ROBERT C.    :
PAUL, BERNARD M. GOLDSMITH,    :
WILLIAM O. GRABE, RALPH J.    :
SZYGENDA, CREDIT SUISSE SECURITIES :
(USA) LLC, EVERCORE GROUP L.L.C., and :
PACIFIC CREST SECURITIES LLC,    :
                              :
              Defendants.    :
                              :
——————————————————— x

This Stipulation and Agreement of Settlement, dated May 5, 2016 (the "Stipulation"), submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure and Rule 408 of the Federal Rules of Evidence, embodies a settlement (the "Settlement") made and entered into by and among the following Settling Parties: (i) Lead Plaintiff Charles Rankin and Plaintiff/Class Representative Karen J. Desrocher, on behalf of themselves and each of the members of the Class, as defined in ¶¶1.3-1.4, *infra*, on the one hand, and (ii) Covisint Corporation ("Covisint" or the "Company"); Compuware Corporation ("Compuware"); David A. McGuffie, Enrico Digirolamo, Robert C. Paul, Bernard M. Goldsmith, William O. Grabe, Ralph J. Szygenda (the "Individual Defendants"); Credit Suisse Securities (USA) LLC, Evercore Group L.L.C., and KeyBanc Capital Markets Inc. (formerly known as Pacific Crest Securities LLC) (the "Underwriter Defendants" and, together with Covisint, Compuware, and the Individual Defendants, the "Defendants"), on the other hand, by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the Southern District of New York (the "Action").  This Stipulation is intended by the parties to fully, finally, and forever resolve, discharge, compromise, release, and settle the Released Claims, as defined in ¶1.19, *infra*, upon and subject to the terms and conditions hereof and subject to the approval of the Court.  Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in Section IV.1, *infra*.

## I.     THE LITIGATION

This Action is currently pending before the Honorable Alvin K. Hellerstein in the United States District Court for the Southern District of New York (the "Court") and was brought on behalf of a Class of all persons who purchased Covisint common stock in and/or traceable to Covisint's initial public offering ("IPO") on September 26, 2013.  The initial complaint was filed on May 30, 2014, and on August 15, 2014, the Court appointed Charles Rankin as the Lead Plaintiff and the

firms of Robbins Geller Rudman & Dowd LLP and Johnson & Weaver, LLP as Lead Counsel.  On October 14, 2014, Lead Plaintiff filed the Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Complaint").

The Complaint generally alleges that the Registration Statement for the IPO contained untrue statements and omitted facts required to be stated therein or required to make the statements therein not misleading.  The Complaint asserts claims under §§11 and 15 of the Securities Act of 1933.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Plaintiffs in the litigation.  Defendants contend that they did not make any materially false or misleading statements and that they disclosed all material information required to be disclosed by the federal securities laws.  Defendants also contend that any losses allegedly suffered by members of the Class were not caused by any false or misleading statements or omissions by Defendants and/or were caused by intervening events.

On December 15, 2014, Defendants filed their motion to dismiss the Action, arguing that the Complaint failed to state a claim for relief.  Lead Plaintiff filed his opposition on February 27, 2015, and Defendants filed their reply on April 13, 2015.  On July 1, 2015, the Court entered an Order denying the motion to dismiss in its entirety.  Defendants filed their answers to the Complaint on August 28, 2015.

On December 4, 2015, Plaintiffs filed a motion for class certification.  Defendants filed their opposition to the motion on January 8, 2016.  Plaintiffs filed their reply brief on January 20, 2016, and on February 22, 2016, the Court issued its Order Granting Motion for Class Certification.

On March 7, 2016, Plaintiffs and Defendants Covisint and Compuware participated in a full-day mediation session with former U.S. District Court Judge, Layn Phillips ("Judge Phillips"), who has extensive experience mediating complex class action litigations such as this Action.  The Action

did not settle at that mediation, but the parties continued their negotiations, assisted by Judge Phillips, who ultimately issued a mediator's recommendation.  Plaintiffs and Defendants Covisint and Compuware reached an agreement in principle to settle the Action on behalf of all Defendants to be paid or caused to be paid by Covisint and Compuware for the benefit of the Class on the general terms set forth in the mediator's recommendation.

## II.    CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs and Lead Counsel believe that the claims asserted in this Action have merit, but Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and through appeals. Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and risks in connection with Defendants' anticipated summary judgment motion, and a jury trial, especially in complex matters such as this Action, as well as the risks posed by and the difficulties and delays relating to post-trial motions, and potential appeals of the Court's determination of said motion, or the verdict of a jury.  Plaintiffs and Lead Counsel also are aware of the risks presented by the defenses to the securities law violations asserted in this Action.  Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class in light of the circumstances present here.  Based on their evaluation, Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Plaintiffs and the Class.

## III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied, and continue to deny, that they have violated the federal securities laws and maintain that their conduct was at all times proper and in compliance with all applicable provisions of law.  Defendants have denied, and continue to deny each and all of the claims and

- 3 -

contentions of wrongful conduct alleged in this Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged in this Action.  Defendants also have denied, and continue to deny, *inter alia*, the allegations that they made any material misstatements or omissions; that any member of the Class has suffered any damages; that the price of Covisint common stock was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that the members of the Class were harmed by the conduct alleged in this Action or that could have been alleged as part of this Action, or that they have any liability to the Class.  In addition, the Defendants maintain that they have meritorious defenses to all claims alleged in this Action.

Nonetheless, taking into account the uncertainty, risks, costs and burdens inherent in any litigation, especially in complex cases such as this Action, Defendants have concluded that further conduct of this Action could be protracted and distracting.  Defendants have, therefore, determined that it is desirable and beneficial to them that this Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

As set forth in ¶¶9.2-9.3 below, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any of the Released Persons (as defined below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED without any admission or concession on the part of Plaintiffs of any lack of merit of the Action whatsoever, and without any admission or concession on the part of the Defendants of any liability or wrongdoing or

lack of merit in the defenses whatsoever, by and among Plaintiffs (for themselves and the members of the Class), on the one hand, and Defendants, on the other hand, by and through their respective counsel of record, that, subject to the approval of the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement set forth herein, the Released Claims shall be finally and fully compromised, settled, and released, and this Action shall be dismissed with prejudice, as to the Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.    Definitions

As used in this Stipulation the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any member of the Class who submits a timely and valid Proof of Claim and Release form in accordance with the requirements established by the Court and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3    "Class" means all Persons who purchased Covisint common stock pursuant and/or traceable to Covisint's IPO between September 26, 2013 and October 14, 2014, inclusive.  Excluded from the Class are Defendants, members of the immediate family of any such Defendant, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest during the Class Period, the officers and directors of any Defendant during the Class Period, and legal representatives, agents, executors, heirs, successors, or assigns of any such excluded Person.  The Defendants or any entity in which any of the Defendants has or had a controlling interest (for purposes of this paragraph, together a "Defendant-Controlled Entity") are excluded from the Class only to the extent that such Defendant-Controlled Entity itself purchased a proprietary (*i.e.* for its own account) interest in the Company's common stock. To the extent that a

Defendant-Controlled Entity purchased Covisint stock in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Class, neither such Defendant-Controlled Entity nor the third-party client, account, fund, trust, or employee benefit plan shall be excluded from the Class with respect to such Covisint stock.  Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom.

1.4     "Class Member" means a Person who falls within the definition of the Class as set forth in ¶1.3 of this Stipulation.

1.5     "Effective Date" means the first date by which all of the events and conditions specified in ¶8.1 of the Stipulation have been met and have occurred.

1.6     "Escrow Account" means the account controlled by the Escrow Agent into which the Settlement Amount shall be deposited.

1.7     "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its successor(s).

1.8     "Final" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review.  Without limitation, an order becomes Final when: (a) either no appeal has been filed and the time has passed for any notice of appeal to be timely filed; or (b) an appeal has been filed and either (i) the court of appeals has/have either affirmed the Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying Judgment or affirmed the court of appeals' decision affirming the Judgment or dismissing the appeal; or (c): the expiration of the time to file a motion to alter or

- 6 -

amend the Judgment under Fed. R. Civ. P. 59(e) has passed without any such motion having been filed.  For purposes of this paragraph, an "appeal" shall include appeals as of right, discretionary appeals, interlocutory appeals, and proceedings involving any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement.  Any appeal or other proceeding pertaining to any order concerning the issue of attorneys' fees and expenses, the Plan of Allocation of the Settlement Fund, or the procedures for determining Authorized Claimants' recognized claims shall not in any way delay or preclude the Judgment from becoming Final.

1.9     "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B.

1.10     "Lead Counsel" means Robbins Geller Rudman & Dowd LLP and Johnson & Weaver, LLP.

1.11     "Lead Plaintiff" means Charles Rankin.

1.12     "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses; (ii) any award to Plaintiffs for their reasonable costs and expenses (including lost wages) pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); (iii) Class Notice and Administration Costs; (iv) Taxes and Tax Expenses; and (v) any other fees or expenses approved by the Court.

1.13     "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, to be sent to Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

1.14     "Person" means an individual, corporation, partnership, limited partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any

- 7 -

business, legal or other entity and his, her or its spouses, heirs, trustees, receivers, administrators, predecessors, successors, representatives, or assignees.

1.15    "Plaintiffs" means Karen J. Desrocher and Charles Rankin.

1.16    "Plaintiffs' Counsel" means Lead Counsel and any counsel for Plaintiffs who have appeared in the Action.

1.17    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of Class Notice and Administration Costs (as defined in ¶3.6, *infra*), Taxes (as defined in ¶3.8(c), *infra*), and Tax Expenses (as defined in ¶3.8(c), *infra*), and such attorneys' fees, costs, expenses, interest, and other expenses as may be awarded by the Court.  Any Plan of Allocation is not part of the Stipulation and the Released Persons shall have no responsibility or liability with respect to the Plan of Allocation.

1.18    "Related Persons" means, with respect to the Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns, and each and all of their respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, underwriters, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates, and assigns of each of them, in their capacity as such, or any trust of which any Defendant and/or their Related Persons is the settlor or which is for the benefit of any Defendant and/or their Related Persons and/or member(s) of his or her family and any entity in which any such Defendant and/or their Related Persons has a controlling interest.

1.19    "Released Claims" means any and all claims, demands, losses, rights, causes of action, liabilities, obligations, judgments, suits, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' and consultants' fees, actions, potential actions, causes of action, suits, judgments, decrees, matters, as well as issues and controversies of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, accrued or unaccrued, apparent or unapparent, foreseen or unforeseen, fixed or contingent, that have been or could have been asserted in the Action or in any court, tribunal, forum or proceeding (including, but not limited to, any claims arising under federal, state, or foreign law, statute, rule, or regulation relating to alleged fraud, negligence, violations of the federal securities laws, or otherwise and including all claims within the exclusive jurisdiction of the federal courts), whether individual or class, arising from or relating to both (i) the purchase or other acquisition of the Company's common stock or depository shares during the Class Period pursuant to and/or traceable to the Company's IPO and the acts, facts, statements or omissions that were or could have been alleged by Plaintiffs in the Action, including, without limitation, any and all claims that are based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) Covisint's public statements and SEC filings which arise out of or relate in any way to the subject matter of the Action; (ii) actions taken by the Individual Defendants which arise out of or relate in any way to the subject matter of the Action; (iii) any transaction in Covisint securities by any Defendant or affiliated entity pursuant to and/or traceable to the Company's IPO; (iv) public statements made by the Individual Defendants which arise out of or relate in any way to the subject matter of the Action; and (v) arise out of or are based upon the purchase, sale, decision to hold, or other acquisition of Covisint securities (pursuant to and/or traceable to the Company's IPO (the "Release").  This Release extends to any and/or all Defendants and any and/or all of their Related Persons.  "Released Claims" includes "Unknown

Claims" as defined in ¶1.25 hereof. Released Claims does not include claims to enforce the Settlement; nor does it include any currently pending related ERISA actions.

1.20    "Released Persons" means each and all of the Defendants, and each and all of their Related Persons.

1.21    "Settlement Amount" means Eight Million Dollars ($8,000,000.00).

1.22    "Settlement Fund" means Eight Million Dollars ($8,000,000.00) in cash paid or caused to be paid by Covisint and Compuware by or on behalf of Defendants pursuant to ¶3.1 of this Stipulation, together with all interest and income earned thereon after being transferred to an account controlled by the Escrow Agent.  Such amount is paid as consideration for full and complete settlement of all the Released Claims.

1.23    "Settling Parties" means Plaintiffs on behalf of themselves, Class Members, and Defendants.

1.24    "Summary Notice" means the Summary Notice, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-3.

1.25    "Unknown Claims" means any Released Claims which Plaintiffs or any Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, and any claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiffs, each and all of the Class Members and Plaintiffs' Counsel, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons or Plaintiffs, each and all of the Class Members and Plaintiffs' Counsel, or might have affected his, her or its decision not to object to this Settlement or seek exclusion.  Unknown Claims include those Released Claims in which some or all of the facts compromising the claim may be suspected, or even undisclosed or hidden.  With respect to any and

- 10 -

all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly, and each of the Class Members and Released Persons shall be deemed to have, and by operation of the Judgment shall have, expressly waived, relinquished, and released to the fullest extent permitted by law the provisions, rights, and benefits conferred by or under California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs and Defendants shall expressly, and each of the Class Members and Released Persons shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  Plaintiffs, Class Members, and the Released Persons may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims and the claims released by the Released Persons, but Plaintiffs and Defendants shall expressly, and each Class Member and Released Person, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, or the claims released by the Released Persons, as the case may be, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action.  Plaintiffs and

- 11 -

Defendants acknowledge, and the Class Members and Released Persons shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and an essential term of the Settlement of which this release is a part.

**2.     CAFA Notice**

2.1     Pursuant to the Class Action Fairness Act, 28 U.S.C. §1715 ("CAFA"), no later than ten (10) calendar days after this Stipulation is filed with the Court, Covisint, at its own cost, shall serve or caused to be served proper notice of the proposed Settlement upon those who are entitled to notice pursuant to CAFA.

**3.     The Settlement**

**a.     The Settlement Fund**

3.1     Covisint and Compuware, on behalf of Defendants shall cause the Settlement Amount to be transferred to an account controlled by the Escrow Agent within twenty (20) business days after the entry of an order granting preliminary approval of the Settlement, provided that counsel for Covisint receives payment instructions and a Form W-9 providing the tax identification number for the Escrow Account at least fifteen (15) business days prior to the expiration of the twenty (20) business day period.  No other Defendant shall be obligated to pay any amount.

**b.     The Escrow Agent**

3.2     The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶3.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the funds held in the Escrow

- 12 -

Account, including with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

3.3     The Escrow Agent shall not disburse the Settlement Fund except (a) as provided in the Stipulation, (b) by an order of the Court, or (c) with the written agreement of counsel for the Settling Parties.

3.4     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

3.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

3.6     Prior to the Effective Date, Lead Counsel, without further approval of Defendants or the Court, may pay from the Settlement Fund up to $400,000.00 in notice and administration costs and fees associated with providing notice to the Class and the administration of the Settlement, including, without limitation, the costs and fees connected with: identifying and locating members of the Class; mailing the Notice and Proof of Claim and Release, and publishing the Summary Notice (such amounts shall include, without limitation, the actual costs of publication, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners); soliciting Class claims; assisting with the filing of claims; administering and distributing the Net Settlement Fund to Authorized Claimants; processing Proof of Claim and Release forms; and paying escrow fees and costs, if any ("Class Notice and Administration Costs").  Prior to the Effective Date,

- 13 -

payment of any Class Notice and Administration Costs exceeding $400,000.00 shall require notice to and agreement from the Defendants, through Defendants' counsel, which agreement shall not be unreasonably refused.  Subsequent to the Effective Date, without further approval by Defendants or the Court, the Settlement Fund may be used by Lead Counsel to pay all reasonable and necessary Class Notice and Administration Costs.

3.7    It shall be Lead Counsel's sole responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court.  Class Members shall have no recourse as to the Released Persons with respect to any claims they may have that arise from any failure of the notice process.

### c.    Taxes

**Qualified Settlement Fund**

3.8    (a)    The Settling Parties and Escrow Agent agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶3.8, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file, or cause to be filed, all informational and other tax

- 14 -

returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)).  Such returns (as well as the election described in ¶3.8(a) hereof) shall be consistent with this ¶3.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶3.8(c) hereof.

(c)     All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶3.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶3.8) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court or approval of Defendants, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that

- 15 -

may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability therefor. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶3.8.

3.9     In the event the Settlement: (i) is not approved; (ii) is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Judgment is reversed or vacated following any appeal taken therefrom; or (iii) is successfully collaterally attacked, the Settlement Fund (including accrued interest) less expenses actually incurred or due and owing for Class Notice and Administration Costs, Taxes or Tax Expenses pursuant to ¶¶3.6 or 3.8, shall be refunded pursuant to written instructions from Covisint's counsel.

## 4.     Notice Order and Settlement Hearing

4.1     Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and shall apply for entry of an order (the "Notice Order"), in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval of the mailing of the Notice and publication of the Summary Notice, in the forms of Exhibits A-1 and A-3 attached hereto. The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing (as defined below).

4.2     Lead Counsel shall request that after notice is given to the Class, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Action as set forth herein. At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed

Plan of Allocation, the Fee and Expense Application, and Plaintiffs' request for payment of their reasonable costs and expenses, if any.

**5.       Releases**

5.1       Upon the Effective Date, Plaintiffs and each of the Class Members and their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, in their capacity as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged against the Released Persons (whether or not such Class Members execute and deliver the Proof of Claim and Release forms) any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims against the Released Persons, Plaintiffs and/or Plaintiffs' Counsel, except for claims relating to the enforcement of the Settlement.

5.2       Upon the Effective Date, Plaintiffs and each of the Class Members shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims against the Released Persons, Plaintiffs and/or Plaintiffs' Counsel, except for claims relating to the enforcement of the Settlement.

5.3       The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

- 17 -

5.4     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Class Members, and counsel for the Class in the Action from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, except for claims relating to the enforcement of the Settlement.

6.      **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

6.1     The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2     Within seven (7) calendar days after execution of this Stipulation, Covisint shall provide the Claims Administrator with a list of names and addresses of record purchasers of Covisint common stock pursuant and/or traceable to Covisint's IPO on the transfer agent's books.  This information shall be provided in an electronic format acceptable to the Claims Administrator. Covisint shall be responsible for any costs or expenses related to providing this information.

6.3     In accordance with the schedule set forth in the Notice Order, Lead Counsel will cause to be mailed by the Claims Administrator to all shareholders of record, identified on the Claims Administrator's list, the Notice, substantially in the form of Exhibit A-1 attached hereto, and a Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto.  The Notice shall set forth the terms of the Stipulation, including the proposed Plan of Allocation and Lead Counsel's request for attorneys' fees, costs and expenses; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Allocation, or request for fees, costs

- 18 -

and expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Class. The Notice and Proof of Claim and Release form shall also be posted on the Claims Administrator's website. In accordance with the schedule set forth in the Notice Order, the Summary Notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *The Wall Street Journal* and once over a national newswire service. The cost of providing such notice shall be paid out of the Settlement Fund.

6.4    The Settlement Fund shall be applied as follows:

(a)    to pay all Class Notice and Administration Costs;

(b)    to pay the Taxes and Tax Expenses described in ¶3.8 hereof;

(c)    to pay Plaintiffs' Counsel's attorneys' fees, costs and expenses, if and to the extent allowed by the Court (the "Fee and Expense Award") and to pay Plaintiffs for their time and expenses, if and to the extent allowed by the Court; and

(d)    after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

6.5    After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶6.6-6.12, *infra*.

6.6    Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, postmarked or submitted electronically by no later than ninety (90) calendar days after the Notice Date (as defined in Exhibit A attached hereto), or such other time as may be set

- 19 -

by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as specified in the Proof of Claim and Release and as are reasonably available to such Person.

6.7     Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim and Release by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim and Release that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.   Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Plaintiffs, their counsel, the Claims Administrator or any Class Member by reason of the exercise or non-exercise of such discretion.

6.8     The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation.   Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund.   No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

6.9     Proof of Claim and Release forms that do not meet the submission requirements may be rejected.   Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release submitted.   The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part

- 20 -

for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶6.10 below.

6.10    If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶6.9 above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the claimant's request for review to the Court.

6.11    Each claimant who submits a Proof of Claim and Release shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including, but not limited to, all releases provided for herein and in the Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Class Member and the validity and amount of the claimant's claim.  In connection with processing the Proofs of Claim and Release, no discovery shall be allowed on the merits of the Action or the Settlement.

6.12    Defendants shall not have a reversionary interest in the Net Settlement Fund.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economical fashion.  Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to

- 21 -

reallocate, shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest.

6.13    The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.  No Person shall have any claim of any kind against the Defendants, their Related Persons, or counsel for Defendants with respect to the matters set forth in ¶¶6.1-6.14 hereof; and the Class Members, Plaintiffs, and Lead Counsel release Defendants and their Related Persons from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

6.14    Defendants shall take no position with respect to the Plan of Allocation or any other such plan as may be approved by the Court.

6.15    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.  Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.  The time to appeal from approval of the Settlement shall commence upon the Court's entry of the Judgment regardless of whether a Plan of Allocation has been approved.

1132864_2

6.16    No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Released Persons, Defendants' counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan of Allocation, or otherwise as further ordered by the Court.

### 7.    Attorneys' Fees, Costs, Charges and Expenses

7.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund for (a) an award of attorneys' fees to be paid out of the Settlement Fund plus (b) costs, charges and expenses in connection with prosecuting the Action, plus interest on such fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  Any and all such fees, expenses, charges and costs awarded by the Court shall be payable solely out of the Settlement Fund.

7.2    The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately following the final approval hearing and entry of an order by the Court awarding such fees and expenses.  This provision shall apply notwithstanding timely objections to, potential for appeal from, or collateral attack on, the Settlement or the award of fees and expenses.  Lead Counsel shall thereafter allocate the attorneys' fees amongst Plaintiffs' Counsel in a manner that Lead Counsel in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action.  Any such awards shall be paid solely by the Settlement Fund.  In the event that the Judgment or the order awarding such fees and expenses paid to Lead Counsel pursuant to ¶7.1 is reversed or modified by final non-appealable order, or if the Settlement is cancelled or terminated for any reason, then Lead Counsel shall, in an amount consistent with such reversal or modification, refund such fees or expenses to the Settlement Fund, plus interest earned thereon at the same rate as earned on the Settlement Fund,

- 23 -

within twenty (20) business days from receiving notice from Covisint's counsel or from a court of competent jurisdiction.   Any refunds required pursuant to ¶7.2 shall be the joint and several obligation of Plaintiffs' Counsel receiving fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  Each Plaintiffs' Counsel, as a condition of receiving such fees and/or expenses on behalf of itself and each partner and/or shareholder of it, agrees that its law firm and its partners and/or shareholders are subject to the jurisdiction by the Court for the purpose of enforcing the provisions of this paragraph.

7.3     Plaintiffs may submit a Fee and Expense Application in connection with the prosecution of this Action.  However, in the event that the Effective Date does not occur, or the Judgment or the order approving Plaintiffs' Fee and Expense Application is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes final and not subject to review, then Plaintiffs shall within twenty (20) business days from receiving notice from Covisint's counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such amounts for time and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification.

7.4     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application, or Plaintiffs' expenses to be paid out of the Settlement Fund, are not part of the Settlement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement any order or proceeding relating to the Fee and Expense Application, or Plaintiffs' expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or

- 24 -

affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action.

7.5     Any fees and expenses awarded by the Court shall be paid solely from the Settlement Fund.  No Released Persons shall have any responsibility for any payment of attorneys' fees and expenses to Lead Counsel or any Class Member's counsel apart from payment of the Settlement Fund pursuant to ¶3.1.

7.6     Released Persons shall have no responsibility for the allocation among Plaintiffs' Counsel or any Class Member's counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in this Action.

## 8.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

8.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     execution of this Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b)     Covisint or Compuware, on behalf of Defendants, has deposited or caused to be deposited the Settlement Amount into the Escrow Account;

(c)     the Court has entered the Notice Order, substantially in the form of Exhibit A hereto, as required by ¶4.1 hereof;

(d)     Defendants have not exercised their option to terminate the Stipulation pursuant to ¶8.3 hereof;

(e)     the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Action, as to Plaintiffs and the Defendants, as set forth above; and

(f)     the Judgment has become Final, as defined in ¶1.8 hereof.

- 25 -

8.2     This is not a claims-made settlement.  As of the Effective Date, Defendants, their insurance carriers, and/or any other such other persons or entities funding the Settlement on the Defendants' behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.  Upon the occurrence of all of the events referenced in ¶8.1 hereof, any and all remaining interest or right of Defendants, if any, in or to the Settlement Fund shall be absolutely and forever extinguished.  If all of the conditions specified in ¶8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶8.4 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Settlement.

8.3     If, prior to the Settlement Hearing, Persons who otherwise would be members of the Class have timely requested exclusion from the Class in accordance with the provisions of the Notice Order and the Notice given pursuant thereto, and such Persons in the aggregate purchased a number of shares of Covisint common stock pursuant and/or traceable to the Company's IPO in an amount greater than the sum specified in a separate Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement") executed between Plaintiffs and Defendants, Defendants shall have the option (which option must be exercised collectively) to terminate this Stipulation and Settlement in accordance with the procedures set forth in the Supplemental Agreement.  The Supplemental Agreement will not be filed with the Court unless and until a dispute between Plaintiffs and Defendants concerning its interpretation or application arises.  Copies of all requests for exclusion received, together with copies of all written revocations of requests for exclusion, shall be promptly delivered to Defendants' counsel by Lead Counsel.  Defendants may terminate the Stipulation and Settlement by filing a written notice of termination with the Court and Lead Counsel on or before five (5) business days after the receipt of all of the copies of the requests for exclusion, on or before five (5) business days after the Court grants additional time for exclusion for any

- 26 -

reason, or on or before two (2) business days before the Settlement Hearing, whichever occurs last. In the event that Defendants file a written notice of termination, Defendants may withdraw their written notice of termination by providing written notice of such withdrawal, by hand delivery, fax, or email, to Lead Counsel by no later than 5:00 PM Eastern Time on the day prior to the Settlement Hearing, or by such later date as shall be agreed upon in writing between Lead Counsel and Defendants' counsel.

8.4     In the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within ten (10) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less Class Notice and Administration Costs, Taxes, and Tax Expenses that have either been incurred or disbursed pursuant to ¶¶3.6 or 3.8 hereof, shall be refunded pursuant to written instructions from Defendants' counsel.  At the request of counsel for Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of Defendants' counsel.

8.5     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall not forfeit or waive any factual or legal defense or contention in the Action and shall be restored to their respective positions in the Action as of March 23, 2016.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.25, 3.6-3.9, 7.2, 8.4-8.5, and 9.2-9.5 hereof, shall be rescinded, cancelled, and annulled and have no further force and effect with respect to the Settling Parties and the Stipulation and Settlement set forth in the Stipulation, and any negotiations, court orders and proceedings related thereto shall be without prejudice to the rights of

- 27 -

any and all parties and evidence relating to the Stipulation and the Settlement set forth in the Stipulation, and all negotiations thereto, shall not be discoverable, used, or admissible in this Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status as of March 23, 2016.  No order of the Court or modification or reversal on appeal of any such order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, and expenses, and interest awarded by the Court to Lead Counsel or Plaintiffs shall constitute grounds for cancellation or termination of the Stipulation.

8.6     Plaintiffs shall have the right, but not the obligation, to terminate the Settlement fifteen (15) calendar days after the failure of Defendants to timely pay the Settlement Amount.

**9.     Miscellaneous Provisions**

9.1     The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

9.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to this Action.  The Settlement and all negotiations, discussions, and proceedings leading up to and in connection herewith shall not be deemed to constitute a presumption, concession, or an admission by any Settling Party or any of the Released Persons of any fault, liability, or wrongdoing by it, or as to the merits of any claim or defense and may not be deemed or used as an admission by Defendants or any other Related Person in any release or written statement issued, filed or made.  The Settling Parties and their counsel agree that they shall not assert

- 28 -

any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of the Action, and the Judgment shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith at arm's length by Plaintiffs and Covisint and Compuware on behalf of all Defendants and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding this Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

9.3     Neither the Stipulation nor the Settlement contained herein, nor any negotiations, discussions, proceedings or acts performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement may be offered or received in evidence, or otherwise used by any Person in this Action, or in any other action or proceedings, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of this Stipulation.  The Released Persons, Plaintiffs, Class Members and Plaintiffs' Counsel may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, including, without limitation, specific performance of the Settlement embodied in this Stipulation as injunctive relief.

9.4     All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Stipulation.

- 29 -

1132864_2

9.5     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.6     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.7     No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest.  No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

9.8     The Stipulation and the Exhibits attached hereto (together with the Supplemental Agreement referred to in ¶8.3) constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein (or, as between Defendants, in any separate agreements between them), each Settling Party shall bear its own costs.

9.9     This Stipulation shall be construed and interpreted to effectuate the intent of the Settling Parties, which is to resolve completely those claims and disputes, including in this Action, and as more fully described herein.  If any provision of this Stipulation shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner that would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision hereof.

9.10    Neither the Class Members nor Defendants shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Class

- 30 -

Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Class Members, or the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund.  Notwithstanding any such modification of the terms or Plan of Allocation or the Stipulation with respect to attorneys' fees or expenses, Defendants and Defendants' insurers shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds to the Settlement Fund.

9.11    Lead Counsel, on behalf of the Class, are expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

9.12    Plaintiffs and Lead Counsel represent and warrant that none of the Plaintiffs' claims or causes of action referred to in this Action or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

9.13    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

9.14    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that this Stipulation is the result of arm's-length negotiations between the Settling Parties and all Settling Parties have contributed substantially and materially to its preparation.

1132864_2

9.15    The headings herein are used for the purpose of convenience and are not intended to have legal effect.

9.16    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

***If to Plaintiffs or to Lead Counsel:***

Ellen Gusikoff Stewart
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Frank J. Johnson
JOHNSON & WEAVER, LLP
600 West Broadway, Suite 1540
San Diego, CA  92101

***If to Defendants or to Defendants' counsel:***

Robert E. Zimet
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, NY  10036

Adam S. Hakki
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY  10022

9.17    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of

- 32 -

executed counterparts shall be filed with the Court.  Signatures sent by facsimile or PDF'd via email shall be deemed originals.

9.18    The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

9.19    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9.20    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action shall be stayed and all members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

9.21    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York, without giving effect to that State's choice-of-law principles.

- 33 -

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated May 5, 2016.

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN

*Robert M. Rothman / by ees*

ROBERT M. ROTHMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
rrothman@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com

JOHNSON & WEAVER, LLP
FRANK J. JOHNSON
BRETT M. WEAVER
600 West Broadway, Suite 1540
San Diego, CA 92101
Telephone: 619/230-0063
619/255-1856 (fax)
frankj@johnsonandweaver.com
brettw@johnsonandweaver.com

- 34 -

JOHNSON & WEAVER, LLP
W. SCOTT HOLLEMAN
99 Madison Avenue, 5th Floor
New York, NY  10016
Telephone:  212/802-1486
212/602-1592 (fax)
sholleman@johnsonandweaver.com

Lead Counsel for Plaintiff

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
ROBERT E. ZIMET
SUSAN SALTZSTEIN


_____

Robert E. Zimet /JB

                ROBERT E. ZIMET

4 Times Square
New York, NY  10036
Telephone:  212/735-3000
212/735-2000 (fax)
robert.zimet@skadden.com
susan.saltzstein@skadden.com

Attorneys for Defendants Covisint Corporation,
Compuware Corporation, David A. McGuffie,
Enrico Digirolamo, Robert C. Paul, Bernard M.
Goldsmith, William O. Grabe, and Ralph J.
Szygenda

- 35 -

SHEARMAN & STERLING LLP
ADAM S. HAKKI
MATTHEW L. CRANER
MICHAEL GRUNFELD


_____
ADAM S. HAKKI

599 Lexington Avenue
New York, NY  10022
Telephone:  212/848-4000
212/848-5252 (fax)
ahakki@shearman.com
matthew.craner@shearman.com
michael.grunfeld@shearman.com

Attorneys for Defendants Credit Suisse Securities
(USA) LLC, Evercore Group L.L.C., and KeyBanc
Capital Markets Inc. (formerly known as Pacific
Crest Securities LLC)

- 36 -

<u>CERTIFICATE OF SERVICE</u>

I, Robert M. Rothman, hereby certify that on May 6, 2016, I caused a true and correct copy

of the attached:

Stipulation and Agreement of Settlement

to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send

notification of such public filings to all counsel registered to receive such notice.



*s/ Robert M. Rothman*
ROBERT M. ROTHMAN

**INDEX OF EXHIBITS TO STIPULATION AND AGREEMENT OF SETTLEMENT**

| DOCUMENT | EXHIBIT |
|---|---|
| [Proposed] Order Preliminarily Approving Settlement and Providing for Notice | A |
| Notice of Pendency and Proposed Settlement of Class Action | A-1 |
| Proof of Claim and Release | A-2 |
| Summary Notice | A-3 |
| [Proposed] Final Judgment and Order of Dismissal with Prejudice | B |