UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
KAREN J. DESROCHER, INDIVIDUALLY AND :
ON BEHALF OF ALL OTHERS SIMILARLY :  **ORDER DECLINING TO**
SITUATED, :  **APPROVE PROPOSED NOTICE**
:  **TO SHAREHOLDERS, WITH**
                       Plaintiffs, :  **LEAVE TO RE-SUBMIT**
  -against- :
:  14 Civ. 3878 (AKH)
COVISINT CORPORATION, ET AL., :
:
                      Defendants. :
------------------------------------------------------------- X
ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiffs and defendants have announced a settlement of eight million dollars. I declined to give preliminary approval, finding the amount inadequate, in absolute terms, per share of 7.36 million issued and outstanding shares, and in light of the serious charges of wrong-doing alleged in the complaint. I found also that plaintiffs' counsel could not adequately justify negotiating a settlement before any discovery began. However, the ultimate decision, whether to accept the settlement or not, must be made by the potential beneficiaries, not the court. Thus the class must vote.

      Plaintiffs have now presented the papers they propose to send to the shareholder-members to certify a class and to elicit approval of the settlement. See Fed. R. Civ. P. 23(e). Unfortunately, they are insufficient, and I decline to approve them without modifications. My reasons follow:

    1. **The proposed notice of pendency and proposed settlement of class action.**

        a. The explanatory box after "exclude yourself" should read: "You will not be part of the lawsuit, and you will not be bound by anything that happens in the lawsuit. You will receive no part of the settlement, and you will not be eligible to submit a proof of claim form." The

sentence about timing is satisfactory. An opt-out form should be provided.

In the section, "Excluding Yourself," section 11 and 12, the section should include directions regarding the opt-out form. The sections should be altered to avoid the suggestion that the only purpose of exclusion is to intend to keep the right potentially to sue.

b. In the box after "object," readers should be advised that they remain eligible to submit a proof-of-claim form if done timely.

c. In the Statement of Attorneys' Fees and Expenses Sought, add a sentence that the Court, at or after the hearing mentioned in this notice, will review the time and effort expended by plaintiffs' counsel, as reflected in their contemporary time records, evaluate the quality of counsel's work and the result achieved for the class, and fix the fees and allowances.

d. In the "Further Information" section, add a paragraph to the effect that the Claims Administrator and the representatives of counsel will maintain a log of such calls, and provide a report to the court, prior to the hearing, of such log and of the scripts provided to the Claims Representative and the representatives in responding to such calls.

e. In section 11, "How do I get out," the second sentence, requiring an identification of purchases and sales, should be deleted as unnecessarily arduous. In the third sentence, a telephone number should not be required.

f. In section 17, add a sentence to the second paragraph: However, you can inform the court of the reasons why you are against the settlement. The last sentence of section 20 should be deleted.

g. Plaintiffs' counsel may not disclaim liability (p. 14).

2. **The Class Action Summary Notice**

a. This form should be integrated with the Notice of Pendency, to avoid unnecessary burden, paper-work and confusion.

3. **The Revised Stipulation and Agreement of Settlement**

a. At the bottom of p. 2, relating to the mediation with Hon. Layn Phillips, readers should not be misled into believing that the settlement is fair because a retired U.S. District Judge acted as mediator. Delete the paragraph and substitute the following:

    Between March 7, 2016 and \_\_\_\_, Plaintiffs and Defendants Covisint and Compuware negotiated a settlement, aided by an experienced mediator. Then add the last sentence.

b. Section II should add the reasons why plaintiffs' counsel settled before conducting discovery.

c. Paragraph 6.4 should be revised to provide that plaintiffs' counsel be paid as and when funds are distributed to Authorized Claimants.

d. Paragraph 8.3, providing for a right of withdrawal to defendants if notices of exclusion pass a defined threshold, refers to a separate Supplemental Agreement. That Supplemental Agreement shall be submitted to the court in camera for review and approval, and then filed under seal pursuant to an order to be submitted on consent and signed by the court. The procedure is required before the court reviews any further submissions of settlement documents to the court.

The parties will advise the court, by June 24, 2016 how they wish to proceed. If a revised set of settlement documents will be submitted, the parties will advise the court by when this is expected to occur. If the case is to be continued, or if the parties wish to discuss any issues about further proceedings, the parties will ask the court to set a status conference.

SO ORDERED

Dated:    June 14, 2016
              New York, New York

                                                      ALVIN K. HELLERSTEIN
                                                      United States District Judge