UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
KAREN J. DESROCHER, Individually and on : Civil Action No. 14-cv-03878-AKH
Behalf of All Others Similarly Situated,            :
                                                    : CLASS ACTION
            Plaintiff,                              :
                                                    : [PROPOSED] ORDER PROVIDING FOR
    vs.                                             : NOTICE
                                                    :
COVISINT CORPORATION, COMPUWARE : EXHIBIT A
CORPORATION, DAVID A. MCGUFFIE,                     :
ENRICO DIGIROLAMO, ROBERT C.                        :
PAUL, BERNARD M. GOLDSMITH,                         :
WILLIAM O. GRABE, RALPH J.                          :
SZYGENDA, CREDIT SUISSE SECURITIES :
(USA) LLC, EVERCORE GROUP L.L.C., and :
PACIFIC CREST SECURITIES LLC,                       :
                                                    :
            Defendants.                             :
---------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/7/16

1153262_2

WHEREAS, an action is pending before this Court styled *Desrocher v. Covisint Corporation, et al.*, Civil Action No. 14-cv-03878-AKH (the "Action");

WHEREAS, the Settling Parties having applied to the Court, pursuant to Federal Rule of Civil Procedure 23(e), for an order authorizing the form and manner of notice, in accordance with a Second Revised Stipulation and Agreement of Settlement dated July 1, 2016 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action between the Settling Parties and for dismissal of the Action against the Defendants and the Released Persons with prejudice upon the terms and conditions set forth therein all subject to the Court's approval; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Stipulation and does hereby authorize the form and manner of notice of Settlement and the setting of a Settlement Hearing to consider the Settlement set forth herein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on Dec. 15 2016, at 2:30 pm at the United States District Court for the Southern District of New York, United States Courthouse, 500 Pearl Street, Courtroom 14D, New York, New York, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; to determine whether a Judgment as provided in ¶1.9 of the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs, and

expenses that should be awarded to Lead Counsel; to determine the amount of time and expenses to be awarded to Plaintiffs; to hear objections to the Stipulation or to the Plan of Allocation or any award of fees, expenses, and costs to Lead Counsel and Plaintiffs; and to consider such matters as the Court may deem appropriate. The Court may adjourn the Settlement Hearing without further notice to Class Members.

3. The Court approves as to form and content, the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release form, the Summary Notice and the Opt-Out Form substantially in the forms annexed hereto, and finds that the mailing and distribution of the Notice, Summary Notice and Opt-Out Form and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶3-4 of this Order meets the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4. The Court appoints the firm Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than seven (7) calendar days after the execution of the Stipulation, Covisint shall provide the Claims Administrator with a list of names and addresses of record holders who purchased Covisint common stock pursuant and/or traceable to Covisint's IPO to the extent they appear on the transfer agent's books, in an electronic format acceptable to the Claims Administrator;

(b) Not later than ten (10) business days after the Court signs and enters this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice, Proof of Claim and Release form, Summary Notice and Opt-Out form, substantially in the forms annexed

hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.covisintsecuritieslitigation.com;

(c) Not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service; and

(d) At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

(e) Nominees who purchased Covisint common stock for the benefit of another Person pursuant and/or traceable to the IPO shall be requested to send the Notice, Summary Notice, Opt-Out Form and Proof of Claim and Release form to such beneficial owners of Covisint common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice, Summary Notice, Opt-Out Form and Proof of Claim and Release form to such beneficial owners.

5. The form and content of the notice program described herein, and the methods set forth herein for notifying the Class of the Stipulation and the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

6. Other than the cost of providing the names and addresses of Persons who purchased Covisint common stock pursuant and/or traceable to the IPO to Lead Counsel and/or the Claims

Administrator as set forth in ¶4(a) above, and the costs and expenses of providing notice pursuant to the Class Action Fairness Act, all fees, costs, and expenses incurred in identifying and notifying Class Members shall be paid from the Settlement Fund and in no event shall any of the Released Persons bear any responsibility for such fees, costs, or expenses.

7. All Class Members (except Persons who request exclusion pursuant to ¶11 below) shall be bound by all determinations and Judgments in this Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

8. Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically no later than ninety (90) calendar days from the Notice Date. Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

9. The Proof of Claim and Release submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding

subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the Person executing the Proof of Claim and Release is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Proof of Claim and Release; and (iv) the Proof of Claim and Release must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

10. Any member of the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

11. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator the Opt-Out form by First-Class Mail, or hand-delivered such that it is received no later than twenty-one (21) calendar days before the Settlement Hearing. The Opt-Out form must be signed and state (a) the name and address of the Person requesting exclusion; and (b) the Person's purchases and sales of Covisint common stock between September 26, 2013 and October 14, 2014, inclusive. All Persons who submit valid and timely Opt-Out forms in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by Stipulation or any final judgment.

12. Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, within three (3)

business days of receipt, and in any event not less than fourteen (14) calendar days prior to the Settlement Hearing.

13. Any Class Member may appear and object if he, she, or it has any reason why the proposed Settlement of this Action should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, why attorneys' fees, costs, and expenses should not be awarded to Lead Counsel; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees, costs, and expenses to be awarded to Lead Counsel or Plaintiffs, unless written objections and copies of any papers and briefs are received by Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; Johnson & Weaver, LLP, Frank J. Johnson, 600 West Broadway, Suite 1540, San Diego, CA 92101; Skadden, Arps, Slate, Meagher & Flom LLP, Robert E. Zimet, Four Times Square, New York, NY 10036; and Shearman & Sterling LLP, Adam S. Hakki, 599 Lexington Avenue, New York, NY 10022, no later than fourteen (14) calendar days before the Settlement Hearing and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Southern District of New York, no later than fourteen (14) calendar days before the Settlement Hearing. Any Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees, costs, and expenses to Lead Counsel or Plaintiffs, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be

heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses are required to indicate in their written objection their intention to appear at the hearing. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

14. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

15. All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for attorneys' fees, costs, and expenses shall be filed and served no later than thirty-five (35) calendar days after the Notice Date and any reply papers shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

16. The Released Persons shall have no responsibility for the Plan of Allocation or any application for attorneys' fees, costs, or expenses submitted by Lead Counsel or Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

17. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees, costs, and expenses, should be approved.

18. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶3.6 or 3.7 of the Stipulation.

19. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement may be construed as an admission or concession by the Defendants or any other Released Persons of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in this Action, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Stipulation. The Released Persons, Plaintiffs, Class Members, and each of their counsel, may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20. All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

21. The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Class Members, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶1 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed

Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

22. If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties and they shall be deemed to have reverted to their respective litigation positions in this Action as of March 23, 2016.

IT IS SO ORDERED.

DATED: July 7, 2016

THE HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE